IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

2016 MAY -9 P 1:51

| | |
|---|---|
| Antonio Germaine Johnson, ) | Case No.: 4:01-cr-01003-CWH-1 |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

On February 19, 2016, the petitioner, Antonio Germaine Johnson (the "petitioner"), proceeding pro se, filed a petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). (Pet. Coram Nobis, ECF No. 62). For the reasons set forth below, the Court denies the petitioner's motion.

**I. Relevant Procedural History**

On December 21, 2001, the petitioner pleaded guilty to money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), 31 U.S.C. § 5313(a), and 31 U.S.C. § 5324(a)(1). United States v. Johnson, Case No. 4:01-cr-1003-CWH-1 ("Johnson I") (Plea, ECF No. 28). On July 1, 2002, the Court sentenced the petitioner to five months in prison, to be followed by two years of supervised release. (Id., Sentencing Mins. 2, ECF No. 36). On July 19, 2002, the Court entered judgment against the petitioner. (Id., J. 1, ECF No. 37).

On May 29, 2002, during the pendency of Johnson I, the petitioner was indicted for conspiracy to distribute, and to possess with intent to distribute, fifty grams or more of cocaine base, commonly known as crack cocaine, and five kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. United States v. Johnson, Case No. 4:02-cr-0579-CWH-1



Page 1 of 9

("Johnson II") (Indictment, ECF 1). On September 24, 2002, the petitioner pleaded guilty to those charges. (Id., ECF No. 32). The petitioner absconded, and on May 15, 2003, the Court sentenced the petitioner in absentia to a term of 360 months of imprisonment, to be followed by five years of supervised release. (Id., Sentencing Mins. 1-2, ECF No. 55). Judgment was entered on May 20, 2003. (Id., J. 2-3, ECF No. 58). The petitioner did not file an appeal in Johnson I or in Johnson II.

On March 1, 2006, the petitioner filed a pro se petition pursuant to 28 U.S.C. § 2255 which attacked his guilty pleas and sentences in Johnson I and Johnson II. Johnson v. United States, Case No. 4:06-cv-0606-CWH (ECF No. 1). On August 22, 2006, the Court issued an order dismissing the Section 2255 petition as being barred by the one year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. Id., 2006 WL 2443336, at *1 (D.S.C. Aug. 22, 2006). The Fourth Circuit Court of Appeals dismissed the petitioner's appeal and denied his motion for a certificate of appealability. United States v. Johnson, 223 F. App'x 213, 214 (4th Cir. 2007) (per curiam).

On March 9, 2007, the petitioner filed a Motion to Compel the Government to Comply with the Plea Agreement entered into in December 2001 in which the petitioner pleaded guilty to money laundering. (Johnson I, Mot. to Compel, ECF No. 55). On April 23, 2007, the Court denied the petitioner's motion. (Id., Order, ECF No. 57). Thereafter, on September 24, 2007, the petitioner filed a motion pursuant to 28 U.S.C. § 2241, which attacked his sentence in Johnson II and alleged ineffective assistance of counsel, prosecutorial misconduct, and abuse of judicial discretion. Johnson v. Pettiford, Case No. 0:07-cv-3236-CWH (ECF No. 1). On December 12, 2008, the Court dismissed the petitioner's Section 2241 motion without prejudice and without issuance and service of process upon the respondent on the grounds that the Section



2241 petition was duplicative of the Section 2255 petition which already had been dismissed by the Court. Id. (Order 3, 5, ECF No. 20). The Fourth Circuit Court of Appeals affirmed the Court's decision to dismiss the Section 2241 petition. Id., 348 F. App'x 839, 839 (4th Cir. 2009) (per curiam).

On August 18, 2010 the petitioner filed a pro se motion for a writ of audita querela, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), in Johnson II. Id. (Mot. Audita Quer., ECF No. 136). The Court dismissed the motion on July 23, 2012, on the grounds that the motion for the writ of audita querela constituted an impermissible successive collateral attack against his sentence. Id. (Order 5, ECF No. 176).

On February 19, 2016, the petitioner filed a motion in Johnson I for a writ of error coram nobis, styled as a Motion to Enforce Special Performance under Plea Agreement or to Vacate Guilty Plea under All Writs Act. Id. (Pet. Coram Nobis 1, ECF No. 62). The government timely responded and moved to dismiss the petition on March 15, 2016, Id. (Resp. 7, ECF No. 66), but failed to serve the petitioner with a copy of the response at that time. On April 7, 2016, the petitioner filed a Motion for Entry of Default pursuant to Fed. R. Civ. P. 55(d), arguing that the government had failed to timely respond to his motion. Id. (Mot. Default 2, ECF No. 68). The government served the petitioner with a copy of its response on that same day. Id. (Certificate of Service 1, ECF No. 67). Thus, the petitioner's motion for a writ of error coram nobis and his Motion for Entry of Default are pending before the Court.

## II. Standard of Review

The Court is required to construe pro se complaints and petitions liberally, and these filings are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a



complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam). However, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in the federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### III. The All Writs Act

The All Writs Act, 28 U.S.C. § 1651(a), is a "residual source of authority to issue writs that are not otherwise covered by statute." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. The writ of error coram nobis, a "remedy of last resort," is granted only where an error exists "of the most fundamental character" and no other remedy is available. United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (citation omitted). The error in question must be of the character that "renders the entire proceeding irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186 (1979) (citation omitted). In fact, the United States Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal custody case today where [a writ of coram nobis] would be necessary or appropriate." United States v. Smith, 331 U.S. 469, 477 n.4 (1947).

The "extraordinary" remedy of a writ of error coram nobis under Section 1651(a) may not be used to raise claims that were or could have been raised through a motion to vacate a federal sentence under Sections 2255 or 2241. Crosby v. United States, Nos. 4:95-cr-00619-CWH-1, 4:96-cv-00788-CWH, 2013 WL 2566138, at *2 (D.S.C. June 11, 2013) (citing



Akinsade, 686 F.3d at 252); see also Sun v. United States, 342 F. Supp. 2d 1120, 1127 (N.D. Ga. 2004) (citations omitted) (the writ may not be used to relitigate claims that have "already been put in issue and determined."). The mere fact that a movant has been denied relief under a previous Section 2255 motion does not "open the door for use of the writ of error coram nobis under § 1651." Crosby, 2013 WL 2566138, at *2 (citation omitted). A collateral attack on a sentence by way of "[a] writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction became known after a completed sentence when § 2255 relief is unavailable." Sun, 342 F. Supp. 2d at 1126 (citations omitted). Even where a writ of coram nobis might otherwise be appropriate, a writ should not issue if the petitioner's claims would have been procedurally barred had they been raised in a Section 2255 motion. United States v. Salley, CR No. 3:95-488-JFA, 2011 WL 5024184, at *1-2 (D.S.C. Oct. 20, 2011).

In the criminal context, coram nobis is available to "provide[] a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012) (citation omitted). For example, a writ of error coram nobis may lie where there exists newly discovered evidence "of such a conclusive nature that, if known, would have resulted in a different judgment." United States v. Taylor, 49 F. Supp. 353, 354 (N.D. W. Va. 1943). Significantly, relief under the writ is available only "to those petitioners who are no longer in federal custody pursuant to their convictions." In re Evans, 478 F. App'x 760, 760 (4th Cir. 2012) (per curiam) (citation omitted). In order for a petitioner to be successful in seeking this remedy, he must show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient

to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Akinsade, 686 F.3d at 252 (citation omitted). With these principles in mind, the Court turns to the petitioner's allegations.

## IV. Discussion

### A. Coram Nobis

In his petition for a writ of coram nobis, the petitioner requests that the Court enforce the 2001 plea agreement he entered into with the government in Johnson I, which, he reasons, would cause the Court to vacate his sentence in Johnson II. (Pet. Coram Nobis 6). However, due to the petitioner's previous unsuccessful collateral attacks on his sentence, before the Court can address the merits of the petition for writ of coram nobis, it must first determine whether the petition is properly before the Court. Prince v. United States, No. 4:07-3179JFA-T, 2008 WL 1902774, at *3 (D.S.C. Apr. 25, 2008) (citations omitted). The Court will use the same analysis as used in Section 2255 proceedings in order to make this determination. Id. "[T]he court will refuse to entertain a coram nobis petition if: (1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the repetitive grounds in the current petition." Durrani v. United States, 294 F. Supp. 2d 204, 210 (D. Conn. 2003) (citations omitted), aff'd, United States v. Durrani, 115 F. App'x 500 (2d Cir. 2004).

As mentioned previously, the petitioner urges the Court to enforce the 2001 plea agreement in Johnson I, and vacate his 360 month sentence of imprisonment imposed in Johnson II. In the petitioner's opinion, the government breached the plea agreement by prosecuting him for the drug trafficking crimes in Johnson II which were brought to light by "the general



investigation that led to the indictment [of money laundering] under which he entered his guilty plea" in Johnson I--a result which the plea agreement explicitly prohibited. (Pet. Coram Nobis 5). The petitioner argues that because the offense of drug trafficking is of a similar character to that of money laundering, the government committed a Double Jeopardy violation and violated the plea agreement. (Id. at 5-6).

The petitioner's arguments fail. Not only were these arguments raised in the petitioner's earlier Section 2255 motion (Case No. 4:06-cv-0606-CWH, Mot. to Vacate 13), these arguments also were raised in the petitioner's subsequent Motion to Compel the Government to Comply with Plea Agreement filed in the above-captioned case. (Mot. to Compel 5, ECF No. 55). Because the errors that the petitioner now alleges are based on events that occurred before he was convicted of either offense, it follows that the petitioner knew of them at the time that he filed his Section 2255 motion. The petitioner cannot now use the extraordinary remedy of coram nobis to bring claims that either were, or should have been, raised in his Section 2255 motion. See United States v. Wilson, 77 F.3d 472, 472 (4th Cir. 1996) (per curiam) (affirming dismissal of petition for writ of error coram nobis where the claims brought were a complete rehashing of issues already raised in a prior Section 2255 motion); Crosby, 2013 WL 2566138, at *4 (declining to address the merits of a coram nobis petition where the court had previously ruled on the claims raised).

As the recitation of the procedural history set forth above makes abundantly clear, prior to filing the instant petition, the petitioner already had made several attempts to collaterally attack his sentence, including a Section 2255 motion, a Section 2241 motion, a Petition for Writ of Audita Querela, and a Motion to Compel the Government to Comply with the Plea Agreement. The fact that the petitioner was unsuccessful in these attempts does not mean that a



writ of coram nobis is available to him. Crosby, 2013 WL 2566138, at *4. Moreover, the mere fact that the petitioner is unable to meet the gatekeeping requirements applicable to a successive Section 2255 petition "is not sufficient to warrant coram nobis relief." Id. (quoting Mines v. United States, No. WMN-10-520, 2010 WL 917059, at *2 (D. Md. Mar. 8, 2010) (citation omitted).

Finally, coram nobis relief is not appropriate for the petitioner because he remains in federal custody. See United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (holding that coram nobis relief is not available to a prisoner currently in custody); United States v. Little, 608 F.2d 296, 299 n.5 (8th Cir. 1979) (citations omitted) (noting that "[c]oram nobis lies only where the petitioner has completed his sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack."); Salley, 2011 WL 5024184, at *1 (citing United States v. Monus, 356 F.3d 714, 718 (6th Cir. 2004) ("Absence of custody is a prerequisite for obtaining coram nobis relief.")). Therefore, because the petitioner presently is in federal custody, this avenue of relief is unavailable to him.[1]

### B. Default Judgment

The petitioner also moves the Court to enter a default judgment against the government on the grounds that it failed to timely respond to the instant motion. (Mot. Default 2, ECF No. 68). While it is true that the government did not serve the petitioner with a copy of its response until April 7, 2016 (nearly two weeks after the response was due) the government did, in fact, timely file its response on March 15, 2016. (ECF No. 66). The Court declines to take the drastic

---

[1] **Error! Main Document Only.** The petitioner is presently incarcerated at Jesup FCI. See Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited May 7, 2016).



measure of entering a default judgment in the present case, particularly where courts have been unwilling to enter a default judgment against the United States even where the government actually failed to file a timely response. See Worrell v. United States Parole Comm'n, No. CIV. A. 5:07CV90, 2008 WL 4137680, at *2 (N.D. W. Va. Aug. 29, 2008) ("[E]ntry of a default judgment against the [government] is not warranted simply because it failed to file a timely response."); Sun, 342 F. Supp. 2d at 1124 (denying a motion to enter default judgment against the government despite its failure to file an answer or responsive pleading); Greenbaum v. United States, 360 F. Supp. 784, 789 (E.D. Pa. 1973) ("A court may not enter a default judgment against the Government merely for failure to file a timely response."). It follows, then, that the petitioner cannot obtain a default judgment and vacate his conviction simply "because the Government was late in filing a written response to a [m]otion." Barnes v. United States, Crim[.] No. PJM 06-0178, Civil No. PJM 12-3474, 2014 WL 1874985, at *8 (D. Md. May 8, 2014). For these reasons, the Court declines to grant the petitioner the relief he requests.

## V. Conclusion

For the foregoing reasons, the petitioner's Motion to Enforce Special Performance under Plea Agreement or Vacate Guilty Plea under the All Writs Act (ECF No. 62) and Motion for Entry of Default by the Court Pursuant to Fed. R. Civ. P. 55(d) (ECF No. 68) are denied.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

May 9, 2016
Charleston, South Carolina